IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**TRAVIS DUKES**                                                                            **PETITIONER**

**v.**                                                          **No. 2:11CV91-P-S**

**CHRISTOPHER EPPS, ET AL.**                                       **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Travis Dukes for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a valid *habeas corpus* claim. Dukes has not responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to state a constitutional claim.

**Facts and Procedural Posture**

Travis Dukes is in the custody of the Mississippi Department of Corrections and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. Dukes was convicted of one count of armed robbery and one count of aggravated assault in the Circuit Court of Coahoma County, Mississippi. On September 4, 1998, he was sentenced to serve eight years for the armed robbery count and fifteen years for the assault count in the custody of the Mississippi Department of Corrections ("MDOC"). The sentencing order required that the armed robbery count run consecutively to any and all sentences previously imposed, and that the sentence imposed in the aggravated assault count should run concurrently with the armed robbery count. Dukes appealed his convictions and sentences to the Mississippi Supreme Court, and, on July 27, 1999, the Mississippi Court of Appeals upheld the lower court's judgement. *Dukes v. State,* 751 So.2d 1129, *reh'g denied* Nov. 9, 1999 (Miss. Ct. App. 1999)(No. 1998-KA-

01332-COA). On January 8, 2001, Dukes filed an Application in the Mississippi Supreme Court to proceed in the trial court with a Motion for Post-Conviction Relief. The supreme court denied the application on March 22, 2002. In the present petition, Dukes does not challenge his convictions or sentences for armed robbery or aggravated assault; instead, he argues that the Mississippi Department of Corrections has miscalculated his prison time sheet.[1]

Dukes previously filed a *habeas corpus* petition in this court on September 3, 2008. Case No. 2:08CV215-P-S. In that petition, he alleged that the state had not given him credit under Mississippi statutory law for "trusty time" and that the state had not given him credit for eighty-eight days he served in the county jail, which disqualified him for earlier Earned Release Supervision. The court dismissed the petition for failure to state a claim.

In his current petition, filed on April 14, 2011, Dukes raises the following issue *pro se*:

Ground One. Illegal Sentence / I am not attacking the legality of my sentence. I am alleging the miscalculation on my sentence/ or time sheet.

He argues that his eight year sentence for his armed robbery conviction should have expired in 2005 rather than in 2006, and that this delayed him from being placed in "trusty" status. In his petition, the relief he requests is to be released from prison.[2] Respondents have attached a current time sheet obtained from MDOC.

---

[1] If Dukes' petition were construed to be a challenge to his convictions and sentences, he would be barred under the one year statute of limitations in 28 U.S.C. § 2244(d).

[2] In the argument for his current habeas petition, Dukes cites a 42 U.S.C. § 1983 case he brought in the United States Southern District of Mississippi, Case No. 3:10CV645-B-A, in which he raised the same claims as in the instant petition. "Plaintiff asserts that his 8- year mandatory sentence has been extended by one year and that he has not been properly credited 30 days for every 30 days served on his remaining non-mandatory 15- year sentence." Case No. 3:10CV645WHB-A-F, doc. 8, p. 1. Dukes then filed a notice of voluntary dismissal in that case on March 3, 2011.

**Failure to State a Claim**

The sole claim in the present petition simply does not rise to the level of a constitutional violation because Dukes has not proven that he has a protected liberty interest in "trusty time." *See Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *see also Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) ("Constitution itself does not guarantee good time credit for satisfactory behavior while in prison."). Although a state may create a liberty interest through a statute, this liberty interest arises only if the state law or regulation contains "'explicit mandatory language,' specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow." *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 463 (1989). Section 47-5-138.1 of the Mississippi Code governs the award of trusty earned time to inmates, and that statute states only that the Mississippi Department of Corrections "*may*" award a trusty earned time allowance to inmates who meet certain criteria. The use of the word "may" in § 47-5-138.1 renders the award of earned time discretionary, not mandatory. Use of the word "may" indicates that an inmate's receipt of trusty earned time credit is a matter of grace or privilege. The decision regarding an award of trusty earned time to offenders is in the sound discretion of prison officials. As such, the statute affords a prisoner no constitutionally recognized liberty interest. *See, e.g., Scales v. Mississippi State Parole Board,* 831 F.2d 565, 566 (5th Cir. 1987); *Irving v. Thigpen, supra.* "Earning of 'time' would have been deemed a matter of right if the legislature had employed the word 'shall' instead of 'may.' In other words, correctional officials are vested with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it." *Ross v. State,* 584 So. 2d 777, 779 (Miss. 1991) (addressing meritorious earned time in Mississippi). As such, Dukes' claim

that the Mississippi Department of Corrections improperly denied him earned "trusty" time towards his sentence does not state a denial of any constitutional right. *Id.* at 780.

For these reasons, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 12th day of September, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE